# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-cv-631-RJC

| | |
|---|---|
| CHARLES EVERETTE HINTON, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>REBECCA C. EVANS, ANDREW )<br>MURRAY, FNU PROCTOR, )<br>JANE DOE, JOHN DOE, )<br>MARTHA H. CURRAN, and )<br>CHRISTIAN HOEL, )<br>)<br>    Defendants. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

The Prisoner Litigation Reform Act ("PLRA") makes clear that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This subsection is known as the "three strikes" provision of the PLRA.

Court records indicate that Plaintiff has been a frequent filer in this Court, having filed over 16 civil law suits. By Order dated March 24, 2009, this Court determined that Plaintiff is a

1

"three striker.¹

With respect to the instant case, the Court has reviewed the Complaint and finds that Plaintiff has not demonstrated that he is under imminent danger of serious physical injury. At best, the Complaint alleges vague conspiracies among those working in or near the state criminal justice system which has resulted in certain alleged deprivations. For instance, his arrest and detention based on a warrant not supported by probable cause, and Plaintiff's various constitutional rights are being violated by one or more of the Defendants as they act in concert against him. When considering these allegations, the Court finds that his Complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).²

Because the Court concludes that Petitioner's Complaint must be dismissed, his Motion for Preliminary Injunction and Temporary Restraining Order, (Doc. No. 5), and Motion to Proceed *In Forma Pauperis* (Doc. No. 1-1), will be denied and dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(g);

(2) Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order is **DENIED** and **DISMISSED**;

(3) Plaintiff's Application to Proceed *In Forma Pauperis* is **DENIED** and **DISMISSED**;

---

¹See Hinton v. Curran, et al., 3:09-cv-110, Doc. No. 2.

²See Hinton v. Rebecca C. Evans, et al., 3:11-cv-571, Doc. No. 3 (a Section 1983 Complaint naming many of the same defendants and alleging many of the same conslusory allegations. The undersigned concluded there, as here, that Plaintiff did not allege any facts which would support a threat of serious physical injury and noted Plaintiff's status as a "three stricker. The Complaint was therefore dismissed).

(4)     The Clerk of Court is directed to send a copy of this Order to the pro se Plaintiff.

Signed: April 13, 2012

Robert J. Conrad, Jr.
Chief United States District Judge