IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-631-RJC

| | |
|---|---|
| CHARLES EVERETTE HINTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>REBECCA C. EVANS, ANDREW )<br>MURRAY, FNU PROCTOR, )<br>JANE DOE, JOHN DOE, )<br>MARTHA H. CURRAN, and )<br>CHRISTIAN HOEL, )<br>)<br>Defendants. )<br>_____) | ORDER |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Reconsideration or Reinstatement of Lawsuit." (Doc. No. 9). For the reasons that follow, Plaintiff's Motion will be denied.

On April 13, 2012, the Court entered an Order dismissing Plaintiff's Complaint which was filed under 42 U.S.C. § 1983. (Doc. 6). Plaintiff filed this present motion noting his objection to the Court's ruling on April 20, 2012. (Doc. No. 9). Specifically, Plaintiff "informs this Court that he does not consent to the Order Denying and Dismissing his Law Suit." (Doc. No. 9 at 1). Plaintiff continues by asserting that the Court had no jurisdiction or power to deny or dismiss his lawsuit. (Id. at 3).

In his Motion, Plaintiff is seeking to have the Court reconsider its previous ruling. The Court will therefore examine Plaintiff's Motion as one brought under Rule 59(e) of the Federal Rules of Civil Procedure. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978) (finding that a timely motion to amend or alter judgment should be considered under Rule 59(e)). "A

1

Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; (3) or to correct a clear error of law or prevent manifest injustice.'" <u>Mayfield v. National Ass'n for Stock Car Auto Racing, Inc.</u>, 674 F.3d 369, 378 (4th Cir. 2012) (quoting <u>Zinkand v. Brown</u>, 478 F.3d 634, 637 (4th Cir. 2007). Relief through a Rule 59(e) motion is an "extraordinary remedy that should be applied sparingly." <u>Id.</u>

In Plaintiff's Motion he does nothing more than reiterate allegations from his Complaint, express disagreement with the Court's legal conclusions, and invite the Court to reach a contrary decision. Such a motion is improper if the only goal is to ask the Court to "rethink what the Court had already thought–rightly or wrongly." <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 1010 (E.D. Va. 1983). Plaintiff has failed to meet any of the requirements for relief under Rule 59(e), and his Motion will therefore be denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration or Reinstatement of his Lawsuit, (Doc. No. 9), is **DENIED**.

Signed: August 29, 2012

Robert J. Conrad, Jr.
Chief United States District Judge